1

2

3

4

5

6                             UNITED STATES DISTRICT COURT

7                             EASTERN DISTRICT OF CALIFORNIA

8

9    JOSE LEDESMA,                              1:13-cv-01227-AWI-GSA-PC

10              Plaintiff,                       ORDER GRANTING PLAINTIFF'S
                                                MOTION FOR LEAVE TO AMEND
11        vs.                                   (ECF No. 12.)

12   J. TYREE, et al.,                          THIRTY DAY DEADLINE TO FILE A
                                                SECOND AMENDED COMPLAINT AS
13              Defendants.                      INSTRUCTED BY THIS ORDER

14

15   **I.      BACKGROUND**

16        Jose Ledesma ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17   this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing

18   this action on August 7, 2013.  (ECF No. 1.)  The court screened the Complaint pursuant to 28

19   U.S.C. § 1915A and issued an order on July 17, 2014, requiring Plaintiff to either file an

20   amended complaint or notify the court of his willingness to proceed with the claims found

21   cognizable by the court.  (ECF No. 9.)  On August 11, 2014, Plaintiff filed the First Amended

22   Complaint.  (ECF No. 10.)

23        On September 21, 2015, Plaintiff filed a motion for leave to amend the complaint.

24   (ECF No. 12.)

25   **II.     RULE 15(a) - LEAVE TO AMEND**

26        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the

27   party's pleading once as a matter of course at any time before a responsive pleading is served.

28   Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written

consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.

     "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

     **Discussion**

     Plaintiff seeks to amend the complaint to clarify the allegations and claims he brought in the First Amended Complaint.  The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for this purpose.  Therefore, Plaintiff shall be granted leave to file a Second Amended Complaint.

**III.  CONCLUSION AND ORDER**

     Plaintiff is granted leave to file a Second Amended Complaint within thirty days.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated allegations or claims.  The joining of unrelated claims in the same action violates Rule 18 of the Federal Rules of Civil Procedure.  "The controlling principle appears in Fed. R. Civ. P. 18(a)  'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees . 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Moreover, Plaintiff is not granted leave to add allegations or claims arising after August 7, 2013 when the original complaint was filed.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion for leave to amend the complaint, filed on September 21, 2015, is GRANTED;

2.    Plaintiff is GRANTED leave to file a Second Amended Complaint **within thirty (30) days** of the date of service of this order, as instructed by this order;

3.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.    Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-01227-AWI-GSA-PC; and

5.    Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **September 23, 2015**                     **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE