UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEDESMA,<br><br>                Plaintiff,<br><br>        v.<br><br>J. TYREE, et al.,<br><br>                Defendants. | 1:13-cv-01227-AWI-EPG-PC<br><br><u>SCREENING ORDER</u><br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SECOND AMENDED COMPLAINT PROCEED ONLY AGAINST DEFENDANTS ADAME, TYREE, AND LUNDY FOR EIGHTH AMENDMENT VIOLATION BASED ON CONDITIONS OF CONFINEMENT, AND ALL REMAINING CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br><br>OBJECTIONS, IF ANY, DUE IN 20 DAYS<br><br>(Doc. 9) |

Plaintiff Jose Ledesma ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This Court[1] previously screened Plaintiff's initial complaint and found that it stated claims under the Eighth Amendment against Defendants Tyree and Lundy for unconstitutional conditions of confinement, but not other claims. ECF No. 9. The Court gave Plaintiff leave to file an amended complaint.

---

[1] All orders prior to the current order were issued by Magistrate Judge Gary Austin.

1

Now before the Court is Plaintiff's Second Amended Complaint, dated October 13, 2015. (ECF. No. 9)

## I.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## II.      SUMMARY OF SECOND AMENDED COMPLANT

On or about October 26, 2011, Plaintiff arrived at the California Corrections Institution. He was held in the "receiving and release" area and subjected to a strip search by Officers Adame and Medrano.  After the strip search, Officers Adame and Medrano placed Plaintiff in

waist chains, put mits over Plaintiffs hands, shackled Plaintiff's ankles, and taped Plaintiff's boxers to Plaintiff's thighs.

For the next 16 days, Plaintiff was kept on contraband watch. The holding tank is 2 to 3 feet from the entrance door, and the bottom has a 6 to 7" gap. Plaintiff was very cold. The tank was dirty and bed-infested. Defendant Adame told Plaintiff "after tonight your [sic] going to wish you had cooperated with us and worked with us from the beginning." There was no blanket, mattress, shower, change of clothes, or tooth brush. The restraints were kept on throughout so that Plaintiff could not stretch. The restraints cut Plaintiff's wrists and ankles. Bright lights were kept on at all times.

All defecation and x-rays showed up negative for contraband.

Plaintiff submitted a grievance, but the appeals coordinator failed to respond.

Plaintiff asserts claims for cruel and unusual punishment in violation of the Eighth Amendment, violation of the First Amendment access to the courts, and retaliation in violation of the 14th Amendment.

**III.      CONDITIONS OF CONFINEMENT**

     **a.  Legal Standards**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the Court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Hoptowit, 682 F.2d at 1246-47; Wright, 642 F.2d at 1133. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the Court should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005); Hoptowit, 682 F.2d at 1258. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. This Court has found that "placement of seriously mentally ill inmates in the harsh, restrictive and non-therapeutic conditions of California's administrative segregation units for non-disciplinary reasons for more than a minimal period necessary to effect transfer to protective housing or a housing assignment violates the Eighth Amendment." Coleman v. Brown, 28 F. Supp. 3d 1068, 1099 (E.D.Cal. 2014).

**b.  Analysis of Plaintiff's Allegations**

The Court finds that Plaintiff has stated a claim for violation of the Eighth Amendment for unconsitutional conditions of confinement against Defendants Adame, Lundy, and Tyree based on their role in confining Plaintiff for 16 days to a holding cell without the ability to move unrestrained, and without blankets, showers, and other basic necessities.

\\\

\\\

**IV.      ACCESS TO THE COURTS**

A.  **Legal Standards**

Under the First Amendment, prisoners have the right to access the courts and the right to petition the government for a redress of grievances. See Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an "actual injury" as a result of a prison official's misconduct. See Docket No. 15 at 8 (citing Lewis v. Casey, 518 U.S. 343, 351–52 (1996)). An "actual injury" exists where a prisoner has been "hindered [in his] efforts to pursue a legal claim." Id. at 351; see also Silva v. Vittorio, 658 F.3d 1090, 1102–03 (9th Cir. 2010) (recognizing that access-to-courts claim requires an actual injury to court access), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

B.  **Analysis of Plaintiff's Allegations**

Plaintiff has failed to allege a constitutional violation for access to the courts here. Plaintiff alleges that the prison has mishandled or ignored his grievance.  At this point, Plaintiff has not been hindered in his efforts to pursue his legal claim based on the prison's response to his grievance.   These allegations will be relevant in determining whether Plaintiff has exhausted his administrative remedies and can go forward with this lawsuit on its merits.  But the prison's failure to address the grievance properly itself does not raise an independent constitutional claim.

**V.      RETALIATION**

A.  **Legal Standards**

Prisoners have a First Amendment right to file grievances and pursue civil rights actions. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (prisoners have a constitutional right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising that right), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223 (2001). Thus, allegations of retaliation against an inmate's exercise of First Amendment rights may support a civil rights claim. Rizzo v. Dawson, 778 F.2d 527, 531–32 (9th Cir. 1985); Pratt v.

Rowland, 65 F.3d 802, 806 & n. 4, 807 (9th Cir. 1995) (retaliation claims "fall within the other protections from arbitrary state action ... because they are based upon protection of the prisoner's First Amendment rights, and not their Due Process rights") (citation, alteration and internal quotation marks omitted).

"A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes,* 408 F.3d at 567–68 (alterations omitted).

### B.  Analysis of Plaintiff's Claims

Plaintiff does not state an independent violation based on a retaliation claim.  Plaintiff's retaliation claim alleges the same facts regarding "being shackled, having clothes taped around plaintiff's hands" and similar allegations that relate to his conditions of confinement, as addressed above.  Plaintiff does not allege that these actions were done because of Plaintiff exercising some protected rights.

### VI.      CONCLUSION

Plaintiff has stated a claim against Defendants Adame, Tyree, and Lundy for violations of the Eighth Amendment based on conditions of confinement.  Plaintiff has failed to state any other claims, or claims against any other defendants.

Plaintiff has already been given leave to file an amended complaint with instructions regarding the law to inform that amended complaint.  The Court does not believe further amendment would cure the deficiencies in the remaining claims and defendants.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action proceed only against Defendants Adame, Tyree, and Lundy for violations of the Eighth Amendment based on conditions of confinement;

2.      All remaining claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

**twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 24, 2016**              /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

7