# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEDESMA,<br><br>        Plaintiff,<br><br>v.<br><br>ADAME, et al.,<br><br>        Defendants. | 1:13-cv-01227-AWI-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND OPENING DISCOVERY ONLY ON THE ISSUE OF EXHAUSTION<br>(ECF NO. 30) |

Jose Ledesma ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 3, 2017, the Court held a telephonic conference regarding the setting of an evidentiary hearing on the issue of exhaustion of administrative remedies. (ECF No. 39). Plaintiff Jose Ledesma telephonically appeared on his own behalf. Counsel Colin Shaff telephonically appeared on behalf of Defendants. The Court now sets an evidentiary hearing, and opens discovery only on the issue of exhaustion of administrative remedies.

IT IS HEREBY ORDERED THAT:

1. An <u>Albino</u> evidentiary hearing regarding the issue of exhaustion of administrative remedies is set before Magistrate Judge Erica P. Grosjean on July 28, 2017, at 10:00 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom # 10.

2. The parties are now granted leave to serve discovery only on the issue of exhaustion of administrative remedies.

1

3. Discovery requests may be served up to and including May 18, 2017. Responses to discovery requests must be served by June 15, 2017. June 15, 2017, is also the last day to take depositions.

4. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no more than 5 interrogatories, 5 requests for production of documents, and 5 requests for admission.

5. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.[1]

6. If any party withholds a document on the basis of privilege, that party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **fourteen (14)** days after the date that responses are due. Failure to provide a privilege log within this time shall result in a waiver of the privilege. To the extent the requesting party disputes whether a document is privileged, it can raise that issue in a motion to compel further discovery responses. If a party withholds a document on the basis of the official information privilege, the requesting party may request that the Court conduct an *in camera* review of such document so that the Court can

---

[1] Defendant(s)' responses should be consistent with their right to request documents pursuant to California Government Code § 3306.5 ("Each employer shall keep each public safety officers' personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request thereof by the officer.").

balance the moving party's need for the documents in the litigation against the reasons that are asserted in defending their confidentiality. In any such request for *in camera* review, the party requesting review shall identify, with specificity, the document(s) for which review is sought.

7. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

8. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case. Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Due to security concerns and institutional considerations not applicable to Defendant(s), Plaintiff must seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2). Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

9. The deadline for filing motions to compel further discovery responses is June 29, 2017. "A motion to compel must be accompanied by 'a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.' Fed. R. Civ. P. 37(a)(1). A discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions." (ECF No. 3, pgs.

4-5). The deadline for filing a response to any motion(s) to compel that are filed is July 7, 2017.

IT IS SO ORDERED.

Dated: **May 4, 2017**

/s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE