# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEDESMA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADAME, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01227-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF NOS. 30, 51, & 52) |

Jose Ledesma ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2017, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies before filing this action. (ECF No. 30). On April 10, 2017, Plaintiff filed an opposition to the motion. (ECF No. 35). On April 19, 2017, Defendants filed a reply to the opposition. (ECF No. 37).

Because it appeared that Plaintiff's evidence created a dispute of fact regarding whether Plaintiff exhausted his available administrative remedies, Magistrate Judge Erica P. Grosjean held an evidentiary hearing on July 28, 2017. After hearing the evidence, Judge Grosjean decided to allow each party to submit a supplemental brief. (ECF No. 44). Defendants filed their supplemental brief on August 11, 2017. (ECF No. 49). Plaintiff filed his supplemental brief on August 17, 2017. (ECF No. 50). On August 24, 2017, Defendants filed a motion to strike the exhibits attached to Plaintiff's supplemental brief. (ECF No. 51).

1

On September 15, 2017, Judge Grosjean entered findings and recommendations, recommending that Defendants' motion to strike be denied as moot, that Defendants' motion for summary judgment be denied, and that Plaintiff be deemed to have satisfied the exhaustion requirement. (ECF No. 52). The parties were provided an opportunity to file objections to the findings and recommendations. Defendants objected. (ECF No. 56). Plaintiff did not object to the findings and recommendations or file a reply to Defendants' objections. Defendants' objections challenge the Magistrate Judge's evidentiary rulings, inferences drawn from the evidence submitted, credibility determinations, and finding that Plaintiff submitted sufficient evidence to demonstrate that he actually submitted a 602 grievance regarding this incident on November 17, 2011.

As a preliminary matter, this Court agrees with the Magistrate Judge's determination that the copy of Plaintiff's 602 petition and Form 22 petition status requests are the most probative evidence that Plaintiff actually submitted an administrative grievance regarding the allegedly retaliatory placement in contraband watch that was lost or ignored, rendering the administrative exhaustion process effectively unavailable. The Court does not now weigh in on all of Defendants' evidentiary rulings individually. The Court reviewed the entire hearing transcript and the parties' submissions. The 602 petition and Form 22 submissions were all appropriately admitted.[1] In reliance on Plaintiff's 602 petition copy, his Form 22 submissions, and his testimony regarding those submissions, the Court agrees with the conclusion arrived at by the Magistrate Judge—Plaintiff filed a 602 petition regarding the allegedly retaliatory placement in contraband watch, Plaintiff filed repeated Form 22 status requests regarding that petition, and the prison staff failed to respond rendering the administrative exhaustion process effectively unavailable to plaintiff.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this

---

[1] Defendant's objection that Plaintiff's 602 petition and Form 22s were not authenticated is not well taken. Plaintiff testified that each of those documents were what they purported to be. Plaintiff authored those documents and was the proper person to authenticate.

The Court also rejects Defendants' objection that the Form 22 submissions are irrelevant for determining whether Plaintiff filed a 602 petition. Repeated requests for a status update regarding the 602 petition tend to suggest that the 602 petition was originally filed.

2

court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on September 15, 2017, are ADOPTED in full;
2. Defendants' motion to strike is DENIED as moot;
3. Defendants' motion for summary judgment is DENIED;
4. Plaintiff is deemed to have satisfied the exhaustion requirement;
5. Defendants' have thirty days from the date of this order to file a responsive pleading to Plaintiff's Third Amended Complaint (ECF No. 32); and
6. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   November 21, 2017          _____
                                    SENIOR DISTRICT JUDGE